# STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION v K-MART CORP., et al.

Case No. CI 88-4812

Ninth Judicial Circuit, Orange County

February 19, 1991

## APPEARANCES OF COUNSEL

(Names of counsel provided in preceding decision entered by the Honorable Emerson R. Thompson, Jr., on April 19, 1989).

## OPINION OF THE COURT

ROM W. POWELL, Circuit Judge.

THIS CAUSE, came to be heard on various motions of STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION ("DOT") and POA ACQUISITION CORPORATION d/b/a PETERSON OUTDOOR ADVERTISING ("PETERSON"). The Court having reviewed those motions, prior orders of this Court, and trial memoranda and supplemental memoranda of the parties, and having heard argument on all issues ruled on below, hereby:

ORDERS AND ADJUDGES as follows:

1. PETERSON's property, the billboard sign located on Parcel 103, is to be valued as a "structure" or "improvement" in accordance with the provisions of the Federal Uniform Relocation Assistance Act, 42 U.S.C. § 4651 et seq. Accordingly, the outdoor advertising sign must be valued as part of the realty, prior to removal, at the greater of its fair market value or the amount which said structure contributes to the fair market value of Parcel 103.

111

2. The Court finds that the cost approach to fair market value of the billboard sign on Parcel 103 is an admissible method for valuing PETERSON's outdoor advertising sign. Accordingly, to the extent PETERSON's motion *in limine* seeks to exclude the cost approach to fair market value, that motion is denied.

3. The Court finds that the gross income multiplier approach to value, to which PETERSON's expert has testified in deposition, is an admissible method for valuing PETERSON's outdoor advertising sign, and accordingly, DOT's motion *in limine* with respect to said method is denied.

4. The order of trial shall be as follows: first, jury will hear presentation by DOT and Defendant Spears with respect to the interests of the fee owner, after which the jury will hear presentation by DOT and PETERSON as to PETERSON's interests. The verdict will determine the Spears and PETERSON interests separately, and the sum of the amounts so determined shall constitute the total verdict as to compensation for Parcel 103.

DONE AND ORDERED in Chambers, Orlando, Orange County, Florida, this 19th day of February, 1991, *nunc pro tunc* January 24 and 29, and February 4, 1991.